IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


STEPHEN L. McMASTER,                     )
DIMITRICE M. McMASTER,                    )
                                          )
          Plaintiffs,                     )
                                          )        NO. 3:18-cv-00628
          v.                              )        JURY DEMAND
                                          )
CSX TRANSPORTATION, INC., et al.,         )        JUDGE CAMPBELL
                                          )        MAGISTRATE JUDGE BROWN
          Defendant.                      )


## ORDER


A lengthy telephone conference was held with the parties on June 24, 2019, to discuss the pending motion to revoke Mr. Pottroff's P*ro Hac Vice* admission (DE 44). The matter has been briefed, DE 45 and 51. After consideration of the pleadings and the argument of counsel, the motion is denied. It does not appear to me that the two (2) incidents complained of rise to a level where it be clear to an attorney applying for P*ro Hac Vice* that he would be required to disclose them. The fact a Court may find a conflict of interest requires disqualification does not without more demonstrate professional misconduct by an attorney. See United States v. Brothers, 856 F. Supp. 370 (M.D. Tenn 1992). In that case the Court noted at 379-80 that the attorneys disqualification for a conflict did not reflect on his integrity or competency as a lawyer, that honest and competent lawyers can and do disagree on close questions regarding the interpretation of cannons of legal ethics which are "not drawn for Holmes's 'bad man' who wants know just how many corners he may cut without running into trouble with the law. They are

drawn rather for the 'good" man,' or the ethical man as buoyed to assist him in charting his professional conduct".

'.

Likewise, the imposing of sanctions against an opposing party over a discovery dispute does not necessarily imply the attorney has acted unethically or is subject to formal disciplinary proceedings.  Courts at times do impose sanctions based on motion practice but absent some indication of personal misconduct such as a sanction under 28 U.S.C. § 1927 personal misconduct is not shown in a discovery sanction..

Plaintiff's counsel has attached to his response an amended affidavit which he filed in the State Court proceedings involving the same issue in which he submits as a further explanation in this case.  Having reviewed the matter, the Magistrate Judge would have granted the *Pro Hac Vice* motion had he been presented with the now more robust affidavit.  Counsel for the Defendant had a basis for filing his motion, however the Magistrate Judge, after reviewing the matter does not find it would justify the revocation Plaintiff's Counsel *Pro Hac Vice* admission.

The telephone conference then turned to the matter of an amendment to the Scheduling Order (DE 27) and the need to modify it. Fact, discovery may remain open until October 15, 2019.  In this connection treating physicians are considered fact witnesses rather than expert witnesses so long as their opinions deal with treatment rather that causation.

By agreement, the parties may continue deposition of treating physicians beyond October 15, 2019 if their depositions will not affect dispositive motions.

Plaintiff will make their expert disclosures by August 8, 2019 in accordance with Fed. R. Civ. P. 26(a)(2)(B).

Absent permission of the Court for good cause shown, no new experts will be designated by the Plaintiff beyond those already disclosed. The Defendant will make their expert disclosures by September 13, 2019 and the discovery of all experts will be completed by November 22, 2019. There will be no rebuttal experts absent Court permission.

Dispositive motions will remain due January 11, 2020 along with the telephone conference to discuss ADR which remains set December 18, 2019 at 11:00 a.m. Nashville time.

Parties are cautioned they should not let discovery disputes fester and not bring them to the Court's attention until a deadline is imminent or even worse passed. The Court expects Counsel to confer with each other to resolve discovery disputes. In accordance with the scheduling order (DE 27) the parties must conduct a telephone call with me before filing discovery related motions. To schedule a telephone call, the parties should call my law clerk at 615-736-2119 to secure an available date for the telephone call.

As noted during the telephone conference the Motion to Disqualify Counsel has been resolved, and the Court expects all parties to maintain a professional relationship in the conduct of this litigation.

SO, ORDERED.

/S/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge